## SUPERIOR COURT

John Melikian
vs. } No.53842.
Samuel Bomes

RESCRIPT.

May 4, 1925.

CAPOTOSTO, J. In an action for breach of contract the plaintiff received a verdict for $1331.36. The defendant, in moving for a new trial, relies principally upon the ground that the verdict is against the evidence.

The plaintiff and defendant entered into a contract whereby the plaintiff was to buy from the defendant a certain house, which formed part of an option of purchase held by the defendant from a third party, for the sum of $9500. As part payment the defendant's agent accepted the plaintiff's grocery store at an agreed price of $1100. Under the agreement the defendant was to place certain mortgages for the plaintiff in making up the purchase price, the first mortgage of $6000 to bear interest at the rate of seven per cent. The grocery store which the defendant took in part payment from the plaintiff was sold by the defendant within a short time after the contract was made and before the expiration of the time set in the contract for its performance to one Avedis Bargamian for the sum of eight hundred dollars.

The plaintiff claimed that he was always ready and willing to go through with the agreement, but that the defendant in answer to his repeated offer of performance told him that he, the defendant, was unable to secure the necessary mortgages, that he could do nothing, and that the plaintiff could do whatever he wanted. The defendant, on the other hand, maintained that he had in fact found the mortgages required by the agreement; that the plaintiff at different times objected to the rate of seven per cent. interest on the first mortgage; that he, the defendant, finally offered to let the deal go through with interest at six per cent.; that the plaintiff then began to complain about the property itself; and that the real reason that the plaintiff did not go through with the deal was that he had agreed to pay too much for the property in question.

In the background of the whole case is the conduct of the defendant with reference to the property on which he, the defendant, held an option of purchase from a third party, and

which included as a portion thereof the parcel which the plaintiff had agreed to buy. This property the defendant never bought at any time. While this fact of itself would not warrant the plaintiff to violate his agreement, yet it was a circumstance that the jury was entitled to weigh in connection with all the other evidence in the case in reaching its conclusion as to the reasonableness or otherwise of the respective claims.

From the manner of testifying, if not from what was actually said, the evidence of the defendant's witness C. Earle Harrison and to some extent of the defendant himself was not convincing to the Court.

The issue presented by this case was squarely one of fact and I find no reason to disturb the jury's finding in favor of the plaintiff.

Bearing on the question of damages we have the following facts established, namely, that the defendant at the time of making his contract with the plaintiff accepted the store in part payment at an agreed price of $1100, and that the defendant sold the store a few weeks later for $800. True, the defendant claimed that he had to restock the store because there was practically nothing there when he received it from the plaintiff. In the face of this claim not a single bit of supporting evidence, either in writing or through witnesses, was offered to sustain the contention. The jury was warranted in view of all the circumstances in finding that a fair valuation of the store which the defendant received from the plaintiff was the sum of $1100, which the defendant himself had fixed at the time of the original agreement. Interest on this sum of $1100 from June 1, 1922, the date of plaintiff's writ, to December 3, 1924, when the verdict was returned, amounts to $165.36, which added to the principal sum gives a total of $1265.36. The difference between this

sum and the award of $1331.36 actually returned, or $66.00, should be remitted by the plaintiff because through mistake an extra year's interest was included in the verdict.

Furthermore, there is evidence that the defendant made a payment of some sixty dollars on the cash register in the plaintiff's store which the plaintiff should have paid. Allowing the defendant this credit, the balance to which the plaintiff is actually entitled to amounts to $1205.36.

If the plaintiff shall, in writing, within three days from the filing of this rescript remit all of the verdict in excess of $1205.36, a new trial is denied, otherwise granted.

For Plaintiff: Knauer, Harley & Fowler.

For Defendant: Cooney & Cooney.